**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**OTIS L. MILLER, SR.,**

      **Plaintiff,**

      **v.**                                  **CIVIL ACTION NO. 2:05cv763**

**VIRGINIA DEPARTMENT
OF TRANSPORTATION, et. al,**

      **Defendants.**

*MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on the Motion of the Virginia Department of Transportation ("VDOT") and Gregory A Whirley ("Whirley")(collectively, "Defendants") to Dismiss the Complaint of Otis L. Miller, Sr. ("Plaintiff"). Specifically, Defendants move to dismiss all claims against Defendant Whirley, and to dismiss the claim alleging age discrimination under the Age Discrimination in Employment Act, ("ADEA") against VDOT. For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a Fifty-Five year old African-American male formerly employed with VDOT as an electrician. VDOT is a state agency that is principally engaged in the business of maintaining the roadways of the Commonwealth of Virginia. Whirley, appointed on July 1, 2005, is the acting VDOT Transportation Commissioner.

Plaintiff is an experienced electrician with thirty-seven years of experience. Prior to his employment with VDOT he received his journeyman certification, master certification, and

certification of apprenticeship of four years.  Plaintiff served as an electrician for VDOT from

1996 to 1997, and again from 1998 until June 2, 2003.  During his employment at VDOT,

Plaintiff applied approximately eight times for a promotion to Electrician Supervisor, however, it

was not until on or about June 2, 2003 that he was finally promoted.  Over the course of time,

Plaintiff believed he was not compensated equally as his Caucasian counterparts.  Accordingly,

on May 12, 2004, Plaintiff filed a complaint of discrimination with VDOT's Equal Employment

of Opportunity Division based on the salary and promotion concerns.  On August 31, 2004,

Plaintiff alleges he was fired as a result of filing the complaint.  At the time of the termination,

Plaintiff was a full time employee earning $15.20 per hour.

On September 27, 2004, Plaintiff filed a charge of discrimination against VDOT with the

Equal Employment Opportunity Commission ("EEOC").  Subsequently, Plaintiff received a right

to sue letter, dated September 30, 2005.  On December 29, 2005, Plaintiff filed his Complaint

with the Court.  Count One alleges discrimination on the basis of age in violation of the ADEA,

29 U.S.C. § 626, *et sequitur*.  Count Two alleges discrimination on the basis of race, in violation

of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e)(5) ("Title VI").  Finally, Count Three

alleges that in violation of Title VII, VDOT retaliated against Plaintiff after he filed a complaint

of discrimination.  On May 1, 2006, Defendants filed a Motion to Dismiss.  Plaintiff filed his

response on May 17, 2006.  On May 26, 2006, Defendants filed their rebuttal.  This matter is

now ripe for determination.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that fails

"to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A court will grant a

motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982) (quoting *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969)). A court reviewing a motion to dismiss relies solely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). In a motion to dismiss, the court considers the facts in the light most favorable to the plaintiff, and assumes that the facts alleged in the plaintiff's complaint are true. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 229 (4th Cir. 2004) (citing *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 n.4 (4th Cir.1993)).

If the parties present and the court does not exclude matters outside the pleadings such as documents and deposition transcripts, the motion to dismiss is treated as one for summary judgment. Fed. R. Civ. P. 12(c); *Pueschel v. United States*, 369 F.3d 345, 354 n.3 (4th Cir. 2004) (citing *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 n.7 (4th Cir. 1988)).

### III. DISCUSSION

#### A.    VDOT

Defendants argue for dismissal of the ADEA clam against VDOT on the grounds that VDOT is protected under the immunity clause of the Eleventh Amendment to the United States Constitution. Specifically, Defendants assert that Plaintiff has alleged that VDOT is a state agency, and that the Eleventh Amendment grants states and state agencies immunity from suit under the ADEA. In response, Plaintiff concedes that a state agency is immune from suit under the ADEA, however, Plaintiff argues that because he is also bringing a claim under Title VII, the Court should allow the ADEA claim to survive. The Court finds Plaintiff's logic misguided.

3

Pursuant to the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. amend. XI.  This amendment has been interpreted to bar actions in federal court against either a state, an arm of the state, or state employees being sued in their official capacities.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).  This immunity may only be set aside by specific congressional legislation which explicitly waives the Eleventh Amendment protection, or by an express declaration by a state indicating its willingness to be sued in federal court.  In *Kimel v. Florida Board of Regents*, the United States Supreme Court ("Supreme Court") held that the ADEA did not validly abrogate the Eleventh Amendment protection afforded to the states.  528 U.S. 62, 91-92 (2000).  Thus, simply stated, an individual can not sue a state agency under the ADEA.

In this case, Plaintiff alleges that VDOT is a state agency.  Therefore, pursuant to the holding in *Kimel*, VDOT is afforded Eleventh Amendment protection from suits by private individuals.  Accordingly, Plaintiff, as a private individual, can not bring an ADEA claim against VDOT.  For this reason, Plaintiff's ADEA claim against VDOT is **DISMISSED**.

### B.    Whirley

Defendants argue that Whirley is not a proper named defendant in the suit.  First, Defendants assert that because Whirley is an individual and supervisor, he can not be held liable under ADEA or Title VII.  Secondly, Defendants argue that Plaintiff's complaint fails to allege that Whirley had any personal knowledge or involvement in the alleged discriminatory acts.  In response, Plaintiff contends that suit against Whirley is proper because he is being sued in his official capacity as acting

4

Commissioner of VDOT.

As analyzed above, the ADEA does not abrogate the state's immunity under the Eleventh Amendment.  Accordingly, Whirley as an official of the state, is also afforded the same protections extended to the state agency of which he is an official.  *See Pennhurst*, 465 U.S. at 101 (when a suit is brought only against state officials, the suit is barred when the real, substantial party in interest is the state).  Therefore, Plaintiff's claim against Whirley under the ADEA, in his official capacity, can not stand.  Accordingly, the Court is left with the Title VII claim against Whirley acting in his official capacity as VDOT Commissioner.

Title VII makes it unlawful for an "employer" to discriminate on the basis of race against its employees.  42 U.S.C. 2000e.  An "employer" under the Act is one who is "engaged in an industry affecting commerce who has fifteen or more employees . . ., *and any agent of such a person*. . ." 42 U.S.C. 2000e(b) (emphasis added).  An "agent," while not defined in the Act, has been interpreted by some jurisdiction to include those individuals acting as supervisory personnel.  *See Hamilton v. Rodgers*, 791 F.2d 439, 442 (5th Cir. 1986)*; York v. Tennesse Crushed Tone Ass'n*, 684 F.2d 360, 362 (6th Cir. 1982) (dictum).  However, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has interpreted the word differently.  In *Lissau v. Southern Food Service, Inc.*, the Fourth Circuit, in following its holding in *Birdbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994), interpreted the use of the word "agent" to not include those that hold supervisory positions or make personnel decisions.  159 F.3d 177, 180 (4th Cir. 1998).  Rather, the court held that "we interpret the inclusion of agent in Title VII's definition of employer simply to establish a limit on an employer's liability for its employee's actions."  *Id*.

In this case, Whirley, as acting VDOT Commissioner, is a VDOT agent.  Thus, pursuant to

the *Lissau* holding, Whirley can not be an employer under Title VII because VDOT is responsible for any of his alleged discriminatory actions as an agent. Plaintiff's complaint alleges a Title VII claim against VDOT, thus a claim against Whirley as Commissioner would be invalid. Further, Plaintiff's complaint does not allege any individual discriminatory acts that Whirley engaged in during Plaintiff's occupation with VDOT. In fact, Whirley did not become VDOT Commissioner until July 1, 2005, ten months after VDOT terminated Plaintiff on August 31, 2004. Accordingly, the Court finds that Plaintiff has failed to state Title VII and ADEA claims against Whirley. For this reason, all claims against Whirley are **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, the Court Defendants' Motion to Dismiss is **GRANTED**. Accordingly, the ADEA claim against VDOT and all claims against Whirley are **DISMISSED**, only Counts Two and Three remain as to VDOT.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Council for the parties.

**IT IS SO ORDERED**.

_____/s/_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 27 , 2006